UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES GARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-1403 |
| ) | |
| CITY OF NORTHWOODS, MISSOURI, et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS DAVIS AND HILL'S SUGGESTIONS IN SUPPORT OF THEIR JOINT MOTION TO STAY PROCEEDINGS**

Defendants Samuel Davis and Michael Hill, by and through their respective attorneys, submit their Suggestions in Support of their Joint Motion to Stay Proceedings as follows:

**INTRODUCTION**

Defendant Davis has been indicted on three felonies by a grand jury in the Circuit Court of St. Louis County – one count of First Degree Assault, one count of Armed Criminal Action, and one count of Kidnapping – 2nd Degree. *See* Ex. A. Defendant Hill has been indicted on one felony count of Kidnapping – 2nd Degree in the Circuit Court of St. Louis County. *See* Ex. B.

The criminal charges against both Defendants Davis and Hill arise from allegations pertaining to an incident with Plaintiff Charles Garmon on or about July 4, 2023, while Defendants Davis and Hill were both employed as police officers with the City of Northwoods Police Department. The instant lawsuit before this Court alleges civil claims arising from the same subject matter that gave rise to the criminal charges against both Defendants Davis and Hill. This Court should exercise its discretion and

stay the instant lawsuit pending the outcome of the criminal case against both Defendants Davis and Hill because the civil and criminal proceedings are so interrelated and overlapping that Davis and Hill cannot protect themselves by selectively invoking their respective Constitutional rights against self-incrimination or otherwise effectively defend both cases.

## LEGAL STANDARD

The United States Supreme Court has approvingly acknowledged that "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution." *United States v. Kordel*, 90 S.Ct. 763, n. 27 (1970). The trial court must decide whether to exercise its discretion to grant a stay "in light of the particular circumstances of the case." *Security and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. 1980). "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Id.* at 1376. The Eighth Circuit has held that to warrant a stay of a civil action because of a parallel criminal proceeding "defendant must make a strong showing that either the two proceedings are so interrelated that he cannot protect himself at a civil trial by selectively invoking his Fifth Amendment privilege…or that two trials will so overlap the effective defense of both is impossible." *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

## ARGUMENT

The same allegations alleged in support of the indictments against Davis and Hill serve as the basis of the claims against them in Plaintiff's Complaint. (Doc. 1).  Because Davis and Hill are involved in parallel criminal and civil actions arising from the same subject matter, they are forced with either having to defend the civil action and assert their respective Fifth Amendment privileges, risking a significant adverse inference in the civil case, or defend the civil case at the cost of foregoing his Constitutional right against self-incrimination in a criminal proceeding.  This is precisely why trial courts have been vested with the discretionary power to stay a civil case pending the outcome of a parallel criminal proceeding.  In this case, this Court should exercise that discretion and stay the instant civil proceeding.

The standard set forth by *Koester* is met in this matter.  A review of the criminal charges pending against Defendants Davis and Hill and the allegations in Plaintiff's Complaint demonstrate the two proceedings are so intertwined, interrelated and overlapping that Davis and Hill cannot protect themselves by selectively invoking their Fifth Amendment right against self-incrimination and they will not be able to effectively defend both cases.  In fact, as shown below, the criminal charges and the civil claims against both Davis and Hill arise from the exact same subject matter.

The grand jury indicted Davis with three felony charges relating to an alleged encounter with Charles Garmon on or about July 4, 2023, in which it is alleged Davis caused Garmon serious injury with a baton and kidnapped him.  Ex. A.  The grand jury

3

indicted Hill with one felony charge of kidnapping, alleging Hill, acting with Davis, kidnapped Garmon on or about July 4, 2023.  Ex. B.

In the civil case, Plaintiff asserts a claim against Davis for excessive force in violation of his Fourth Amendment rights arising out of an incident on July 4, 2023.  *See* Doc. 1 at p. 5 – 6.  Specifically, Plaintiff alleges Davis beat him with a baton.  *Id.* at p. 3, ¶ 12.  Plaintiff also brings claims for false arrest, civil conspiracy, negligence, state law assault and battery, and kidnapping against Davis arising out of the same incident.  *Id*. at p. 7 – 11.  Plaintiff's Complaint brings claims against Hill for failure to intervene in the alleged excessive force of Davis, supervisory liability, false arrest and kidnapping.  *Id*. at p. 12 – 16.

It is clear from the indictments and the Complaint that the civil and criminal cases are interrelated and overlapping as to both Davis and Hill.  The time frames at issue are both the same date.  The allegations in the Complaint mirror the charges in the respective indictments.

Given the significant interrelatedness of the civil and criminal cases there is no reasonable way for Davis and Hill to selectively assert their Fifth Amendment privilege against self-incrimination or otherwise effectively defend both cases.  Without a stay of this civil proceeding, Davis' assertion of his Fifth Amendment privilege is necessary to protect himself in the criminal case, but in doing so Davis will subject himself to an adverse inference in this case.  *Baxter v. Palmigiano*, 245 U.S. 308, 318 (1976).  Thus, Davis cannot effectively defend both cases.  The same is true of Defendant Hill.

4

The Eighth Circuit has not formally adopted a particular test to apply when considering whether to exercise discretion to stay a civil case when there is a pending criminal case arising from the same subject matter. Nevertheless, this Court, relying on *Koester*, has issued a stay in a civil case where the facts in the civil case and the criminal case are virtually the same. *See* Ex. C (Order in *Forman v. Mass, et al.*, U.S. District Court for the Eastern District of MO, Case No. 4:19-cv-2356-SNLJ). Other jurisdictions have also stayed civil actions in favor of parallel criminal proceedings when the cases overlap. In *Parker v. Dawson*, 2007 WL 2462677 (E.D. N.Y. 2007), the trial court stayed the civil proceeding in a case where plaintiffs sued for damages related to defendant's misappropriation of funds where defendant had criminal charges pending based, in part, on the same conduct. The trial court emphasized the importance of the fact the two cases directly overlapped, that denying the stay could undermine defendant's Fifth Amendment rights and could expose defendant's defense to prosecution in advance of trial. *Id.*

Davis and Hill are both in the same position as the defendant in *Forman*, faced with a civil claim and a criminal charge arising from the same subject matter. The subject matter of Davis and Hill's criminal case is precisely the same as in this civil case. The significant overlap in subject matter and issues among the criminal and civil cases warrants issuance of a stay of this proceeding until the criminal cases against Davis and Hill are resolved.

Furthermore, the United States District Court for the Western District of Missouri has analyzed five factors in similar cases. *See Turley v. United States*, No. 02-4006-CV-

5

C-NKL, 2002 WL 31097225 (Mo.W.D.Mo. Aug. 22, 2002) (unreported opinion) and *Cole v. Strauss*, 2014 U.S. Dist. LEXIS 113474 (W.D.Mo. 2014) (unreported opinion). The factors set forth in both *Turley* and *Cole* include the following: (1) the interest in the plaintiff of proceeding with claims expeditiously and the potential prejudice to plaintiff of a delay; (2) the burden any particular aspect of the case may impose on defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interests of the public in the pending civil and criminal litigation. *Turley*, 2002 WL 31097225 at * 2; *Cole*, 2014 U.S. Dist. LEXIS 113474 at *23.

The first factor weighed is "the interest in the plaintiff of proceeding with claims expeditiously and the potential prejudice to plaintiff of a delay." *Turley* at *2. Here, Plaintiff's claims are for money damages and those claims will survive the resolution of the criminal proceedings of Davis and Hill. There are no mitigating factors in this case weighing against a stay. Thus, Plaintiff will not be harmed if the stay is granted.

The second factor to weigh is the burden imposed on the defendant. *Id.* at *3. In *Turley*, the court concluded the government's criminal investigation would be impaired if the civil case was allowed to proceed and this factor weighed heavily in favor of staying the civil case. *Id.* Of particular importance to the court was the fact the government, in the civil case, would be required to voluntarily disclose the names of actual or potential witnesses, as well as a copy of, or description by category and location, of all documents the government may use to support its defenses. *Id.* In the instant case, Davis and Hill both risk self-incrimination in answering written discovery or deposition questions. The

6

allegations in the Complaint and the charges in their respective indictments are so intertwined and overlap to such a significant degree.  The alternative, discussed above, is for Davis and Hill to proceed with defending the civil case at the cost of foregoing their Constitutional right against self-incrimination.  Thus, the second factor weighs in favor of granting the stay.

The third factor to weigh is the burden on the court.  *Id.* at *3.  This factor involves the interest of the court in moving the cases on its docket to an expeditious conclusion and recognizing resolution of the "related criminal matter may eliminate much of the court's work in the civil action." *Id.*  In *Turley*, the court noted there was no indictment, but only a criminal investigation and there was uncertainty whether criminal charges would ever be filed against plaintiffs.  Even with this concern, the court weighed this factor in support of a stay.  The court reasoned that such a stay would promote judicial economy and efficiency. *Id.*  The court also noted it would reconsider the length of the stay if an indictment was issued within the six month stay period. *Id.* at 4.  Here, the uncertainty expressed in *Turley* about whether criminal charges will ever be issued does not exist, as an indictment has been issued against both Davis and Hill.  But, the *Turley* court's analysis of the potential benefits of a stay applies to this case.  As suggested by the court in *Turley*, a stay of this proceeding pending the outcome of the criminal case against Davis and Hill should enhance judicial economy and efficiency by allowing for more efficient discovery because the likelihood of Fifth Amendment invocations in response to civil discovery could be reduced.  The third factor weighs in favor of granting a stay of this proceeding.

7

The fourth and fifth factors to weigh are the interests of the public and non-parties. *Id*. In *Turley*, the court weighed these factors in favor of a stay, basing its decision in significant part on the fact that "[a]dministrative policy gives priority to the public interest in law enforcement." *Id*. Here, these last two factors weigh in favor of granting the stay. The public interest in law enforcement simply outweighs the competing interest of Plaintiff's right to a reasonably prompt determination of his claims. There is no imminent threat of harm to the public at large, and no basis to weigh these factors against a stay.

In summary, all five factors weigh in favor of granting a stay of this proceeding pending resolution of the criminal charges against Davis and Hill. Whether this Court applies the Eighth Circuit analysis of *Koester* or the five factors utilized in *Turley*, the result is the same; this Court should exercise its discretion and stay this proceeding pending the resolution of Davis and Hill's criminal cases.

## CONCLUSION

Based on the Eight Circuit analysis of *Koester*, this Court should exercise its discretion and stay this proceeding pending resolution of Davis and Hills' respective criminal cases. The subject matter of the indictment against Davis and Hill and the civil claims set forth in the Complaint are so interrelated and overlapping that Davis and Hill cannot protect themselves by selectively asserting their Fifth Amendment privilege against self-incrimination or otherwise effectively defend both cases. For these reasons, this Court should exercise its discretion and grant a stay of this proceeding pending resolution of the criminal cases against both Davis and Hill.

8

WHEREFORE, Defendants Davis and Hill respectfully request that this Court grant their motion and enter an Order staying this civil proceeding pending resolution of the criminal charges against both Davis and Hill, and all other and further relief this court deems just and proper under the circumstances.

Respectfully Submitted,

REICHARDT NOCE & YOUNG LLC

By: */s/ Timothy J. Reichardt*
Timothy J. Reichardt   #57684MO
tjr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO 63131
314/789-1199
314/754-9795 – Facsimile

Attorneys for Defendant Samuel Davis

and

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Christopher P. Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
rb@srfblaw.com

Attorney for Defendant Michael Hill

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on December 13, 2023.

                                            /s/ Ryan Bertels