IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES GARMON,

    Plaintiff,

v.

CITY OF NORTHWOODS, MISSOURI, and
SAMUEL DAVIS, in his individual capacity,
and
MICHAEL HILL, in his individual AND
official capacity,

    Defendants.

Cause No.: 4:23-cv-01403-RHH

**MEMORANDUM IN SUPPORT OF**
**<u>DEFENDANT CITY'S MOTION TO DISMISS</u>**

The City of Northwoods, Missouri offers this memorandum in support of its motion to dismiss (Doc. No. 20) Plaintiff's Complaint (Doc. No. 1).

**ARGUMENT**

**A. Motion to Dismiss Standard and Plaintiff's Claims**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 at 678). The Court must "accept the allegations

contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. In support of any type of cause of action, a plaintiff is required to plead more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. This principle is especially true in cases involving government entities given the potential application of immunity defenses. *Id.* at 685.

In Counts I and II the Complaint, Plaintiff purports to state constitutional claims directly against the City. Count I is premised, by its title, on a "Failure to Train, Supervise, Control and Discipline, and for Other Unlawful Customs." Doc. No. 1 pp. 3-4. Count II attempts to state a count for "Civil Conspiracy" under 42 USC §§ 1983 and 1985. *Id*. pp. 4-5. As Plaintiff also purports to state claims against separate Defendant Michael Hill in his official capacity (Doc. No. 1 ¶ 3), Plaintiff apparently attempts to advance additional §1983 claims against the City for "Failure to Intervene in the Use of Excessive Force" (Count IX), "Supervisor Liability" (Count X), "False Arrest" (Count XI) and Civil Conspiracy (Count XIII), while also lodging a claim under "Missouri State Law" for "Kidnapping." See generally *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991) ("the real party in interest in an official-capacity suit is the governmental entity and not the named official").[1] All of these claims fail to meet the pleading standard.

---

[1] "Liability for city officials in their official capacities is another form of action against the city, and it requires [a] showing that a policy or custom caused the alleged violation." *Rogers v. City of Little Rock*, 152 F.3d 790, 800 (8th Cir. 1998) (citing *Monell*, 436 U.S. at 690 n.55, 98 S.Ct. 2018).

2

In an effort to support these claims as against the City, Plaintiff has asserted nothing more than a set of conclusory accusations and threadbare recitations of elements falling far short of establishing culpability on the part of the City of Northwoods. This failure of pleading is fatal to all Counts of Plaintiff's Complaint against the City. Counts I, II, IX, X, XI and XIII are all amenable to disposal pursuant to the same fundamental analysis under 42 USC § 1983. The claims for civil conspiracy (Counts II and XIII) are additionally susceptible to disposal for other factual deficiencies, as well as the application of the intercorporate conspiracy doctrine. Finally, the state law claim is disposable under the doctrine of sovereign immunity under Missouri law.

**B. All §1983 Counts Fail to Plead Unconstitutional Policy or Custom**

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir.1999) (citing *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, "a municipality may be held liable for the unconstitutional acts of its officials or employees *when those acts implement or execute an unconstitutional municipal policy or custom.*" *Id*. (citations omitted, emphasis added). Liability only attaches to official policy enacted pursuant to the deliberate actions of a municipal official with final policymaking authority under state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924 (U.S.Mo.,1988). A governmental entity cannot be held liable under §1983 on a theory of *respondeat superior*. *Id. See also Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996).

"A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Here, Plaintiff's most

conspicuously conclusory allegations lie at the heart of his effort to state any §1983 claim; that is, Plaintiff's effort to satisfy the foregoing requirements of *Monell* are limited to a single conclusory paragraph of the Complaint, stating:

> There exist within the City of Northwoods Police Department policies, customs, practices and usages that are so pervasive that they constitute the policy of the Department, that caused the Constitutional deprivations Plaintiff suffered as described above. The policies, customs, practices and usages include:
>
> a. Unlawfully arresting and detaining individuals without probable cause;
> b. Using force in excess given the circumstances to arrest and detain individuals;
> c. Selecting, retaining, and assigning employees with demonstratable propensities for excessive force, violence, and other misconduct; and
> d. Failing to adequately train, supervise, control, and discipline employees in the dangers and potential lethalness of repeated baton strikes, pepper spray, and using force against persons in restraints.

(Doc. No. 1 ¶ 18).

Apparently, these conclusory allegations are intended to support all of Plaintiff's federal claims against the City, including those official capacity claims against Defendant Hill (although only Count X expressly alleges that "the misconduct alleged in this Count was undertaken pursuant to the City's policies and practices."). Doc. No. 1 ¶ 72. Yet not a single one of these accusations of "policy, custom or practice" is supported with factual allegations. *Compare to Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 894 (E.D. Mo. 2019) (wherein the Court granting dismissal of the defendant municipality summarized among disregarded conclusory allegations those merely concluding the existence of policies and practices causing harm). Plaintiff does nothing more than recite elements of the claim in conclusory fashion.

The conclusory and threadbare nature of Plaintiff's allegations is further exposed by his indiscriminate comingling of allegations of "policy" with "custom" despite the reality that "[p]olicy and custom are not the same thing." *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699–700 (8th Cir. 2016); see also *Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 893 (E.D. Mo. 2019)

("Different analytical frameworks apply to municipal policies and customs.") (citations omitted). Generally, a policy is "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id*. at 700 (citations omitted). By contrast, establishment of a custom requires the establishment of "(1) [t]he existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation." *Ware v. Jackson Cty*, 150 F.3d 873, 880 (8th Cir. 1998) (cleaned up); see also *Hopple v. St. Francois Cnty., Missouri*, 4:22 CV 1101 RWS, 2023 WL 5748408, at *3 (E.D. Mo. Sept. 6, 2023) (citing *Marsh v. Phelps County*, 902 F.3d 745, 751 (8th Cir. 2018) in recognizing that a failure to train claim is "an extension of a custom claim and is established when the failure evidences a deliberate indifference to the constitutional rights of a plaintiff"). This distinction is lost in Plaintiff's complaint.

Plaintiff alleges neither a policy nor a custom (or usage arising therefrom), and no circumstances supporting even a hint of deliberate indifference. Further, his sole allegation of his own single circumstance cannot support a claim against the City. See *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 634 (8th Cir. 2009) (recognizing that liability for an unconstitutional custom cannot arise from a single act outside of an act by a final policymaker). This defect requires dismissal of each and every count against the city under §1983.

### C. All §1983 Counts Fail to Plead "Moving Force" Behind Constitutional Violation

Even were Plaintiff's allegations construed as sufficient to plead the existence of a policy or custom, there is no factual support for any conclusory allegation of causation; i.e., Plaintiff has

not pled that such policy or custom constitutes the "moving force" behind any alleged constitutional violation. See generally *Corwin v. City of Indep., MO.*, 829 F.3d 695, 700 (8th Cir. 2016). To constitute a "moving force," the County's conduct must be deliberate, and "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388 (U.S. (Tex.), 1997). Plaintiff's naked assertions of causation (Doc. No. 1 ¶¶ 18,72) are a far cry from any allegation of a "moving force."

For instance, in what is arguably Plaintiff's greatest pleading effort, he baldly accuses the City of "selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct" yet, in addition to making no factual allegation whatsoever to support such conclusion, also fails to allege facts to support his conclusion that this "caused the Constitutional deprivations Plaintiff suffered." Doc. No. 1 ¶ 18(c). Because a City cannot be held liable for mere negligent hiring, Plaintiff is required to plead facts demonstrating that "the municipality's decision to hire the offending officer, made with deliberate indifference as to its known or obvious consequences, caused [his] injuries." *Conner v. St. Louis Cnty., Missouri*, 4:15-CV-01703-JAR, 2016 WL 4538534, at *3 (E.D. Mo. Aug. 31, 2016) (citations omitted). It is thus Plaintiff's burden to plead facts showing "that the offending officer was highly likely to inflict the particular injury and that the connection between the background of the particular applicant and the specific constitutional violation alleged [is] strong." *Id*. Here such allegations are entirely absent. Such lack of factual support for Plaintiff's conclusory allegations of causation likewise doom his §1983 claims against the City.

### D. No Count May Seek Punitive Damages Against The City

In paragraph 19 of Count I of the Complaint, Plaintiff evidently purports to support a claim of punitive damages against the City in a §1983 claim, stating: "Defendant's conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff, thereby justifying an award in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future." Doc. No. 1 ¶ 19. However, the United States Supreme Court has unequivocally held that §1983 does not authorize punitive damages against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981). Additionally, to the extent any state law claim attempts to state a claim for punitive damages against the City, it is barred. It has long been the general rule in Missouri that "in the absence of a statute specifically authorizing such a recovery, punitive or exemplary damages are not recoverable against a municipal corporation." *Chappell v. City of Springfield*, 423 SW2d 810, 813 (Mo. 1968). No statute authorizing such recovery is advanced by the Plaintiff here.

Paragraph 19, as well as any other effort to seek punitive damages against the City in any count, must be stricken from any complaint that might survive this motion to dismiss. Fed. R. Civ. Proc. 12(f).

### E. Plaintiff Does Not State a Civil Conspiracy Count Against the City

In addition to the reasons set forth above, Plaintiff's conspiracy claims are plagued with additional deficits requiring dismissal.

#### 1. Failure to Factually Allege Elements of Conspiracy

Plaintiff purports to bring his conspiracy claims under both §§1983 and 1985. The elements of a civil conspiracy under §1983 include "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt

7

act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citations omitted). Because conspiracy claims cannot stand alone but rely on an underlying tort, the Plaintiff must also plead and prove an underlying constitutional violation. *Id.*; See also generally *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

"In order to prove a § 1983 conspiracy claim, [Plaintiff] must allege *with particularity and specifically* demonstrate with material facts that the defendants reached an agreement." *De Mian v. City of St. Louis, Missouri*, 625 F. Supp. 3d 864, 874 (E.D. Mo. 2022), *aff'd,* 86 F.4th 1179 (8th Cir. 2023) (emphasis added). "A civil conspiracy claim requires the plaintiffs to allege sufficient specific facts giving rise to an inference of a meeting of the minds between the defendants to violate the plaintiff's constitutional rights." *Aldridge v. City of St. Louis, Missouri*, 4:18-CV-1677 CAS, 2019 WL 1695982, at *7 (E.D. Mo. Apr. 17, 2019) (citations omitted, cleaned up). Likewise, conspiracy claims under §1985 require plaintiffs to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement," which require Plaintiff to plead "sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Kelly v. City of Omaha, Neb.*, 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016) (citations omitted, cleaned up).

Here, Plaintiff has alleged no facts, let alone "specific facts" demonstrating any element of any conspiracy, chief among them being any agreement to violate constitutional rights. Rather, Plaintiff once again hurls a conclusory allegation that "[t]he City of Northwoods (by and through its policy making officials), Officer Davis, and Hill had a meeting of the minds regarding their

8

intention to retaliate against Plaintiff by arresting him and using force[2] against him." Doc. No. 1 ¶ 21. Even in his attempt to invoke action of the City's "policy making officials," Plaintiff fails to identify any such officials or what meeting of the minds took place.[3] This defeats Plaintiff's conspiracy claim under either statute.

2. **The Intracorporate Conspiracy Doctrine Bars Conspiracy Claims Against the City**

In addition, even if the elements were otherwise well-pleaded, civil conspiracy claims against the City are barred by the application of the intercorporate conspiracy doctrine. "Because a conspiracy by its nature involves multiple parties, this doctrine provides that a local government entity cannot conspire with itself through its agents acting within the scope of their employment." *Kelly v. City of Omaha, Neb.*, 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016) (citations omitted, cleaned up). Accordingly, the 8th Circuit has plainly held that the doctrine bars conspiracy claims under §1985. *Id*. To the extent Plaintiff's conspiracy is advanced under §1985 and not §1983 (which distinction is wholly impossible to draw from the conclusory pleadings), it is unquestionably barred.

While there has been some resistance to applying the doctrine to conspiracies under §1983, emanating from a concern that the 8th Circuit has not explicitly applied the doctrine in that context,[4] this district has also recently observed that "[s]ections 1983 and 1985 are close analogues" and that several circuits have extended the doctrine to §1983 claims. See *Baude v. City of St. Louis*,

---

[2] N.B., Plaintiff does not allege a conspiracy to use "excessive" force, and Plaintiff has made no underlying constitutional claim for "retaliation."
[3] Rule 11(b) provides that signatures on a pleading represent, among other things, that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Plaintiff cannot avoid this rule by vague pleading.
[4] See, e.g., *Aldridge v. City of St. Louis, Missouri*, 4:18-CV-1677 CAS, 2019 WL 1695982, at *8 (E.D. Mo. Apr. 17, 2019) (declining "to extend the doctrine's reach in the absence of direction from the Eighth Circuit").

476 F. Supp. 3d 900, 915 (E.D. Mo. 2020), *aff'd sub nom. Baude v. Leyshock*, 23 F.4th 1065 (8th Cir. 2022). Despite the fact that the application of the doctrine in §1983 is not clearly established,[5] *Laird v. City of Saint Louis, Missouri*, 564 F. Supp. 3d 788, 802 (E.D. Mo. 2021) the substantive rationale for its application applies on the face of the pleadings, while the substantive rationale for *not* applying the doctrine cannot apply to the Plaintiff's complaint in this case.

Where there has been effort in this district to engage the substance of the doctrine, it has been observed that some other jurisdictions have declined to apply the doctrine in §1983 excessive force cases because, e.g., such conduct is not part of routine policing and therefore *not in the scope of an officer's employment*. See, e.g., *Golden v. Moutray*, 4:17 CV 284 DDN, 2018 WL 1784395, at *3 (E.D. Mo. Apr. 13, 2018) (drawing from select Illinois district cases). However, in this case - whether ultimately true or not - the Plaintiff *has alleged* that both Hill and Davis were "acting in the course and scope of his employment." Doc. No. 1 ¶¶ 3-4. Thus, the foregoing objections to applying the intracorporate conspiracy doctrine are inapposite, while the rationale that a *municipality cannot conspire with itself* remains intact. The doctrine has clear application to the case purportedly pled, and supplies yet another reason that Counts II and XIII must be dismissed.

### F. Sovereign Immunity Bars State Law Claims

It is unclear whether Plaintiff truly intends to advance Count XII (for "Kidnapping" under Missouri law) against the City, but such a claim is clearly barred by sovereign immunity. See *Rippley v. City of St. Louis*, 4:19-CV- 1778 JCH, 2019 WL 5962679, at *3 (E.D. Mo. Nov. 13, 2019) (recognizing that sovereign immunity bars even intentional torts); see also § 537.600.1

---

[5] See *St. v. Leyshock*, 41 F.4th 987, 990 (8th Cir. 2022) (reversing denial of a motion to dismiss on qualified immunity grounds due in part to the "unsettled nature of the intracorporate conspiracy doctrine").

R.S.Mo. Further, "the plaintiff bears the burden of pleading with specificity those facts giving rise to an exception to sovereign immunity when suing a public entity." *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 633 (Mo.App. E.D. 2016) (citing *Richardson v. City of St. Louis,* 293 S.W.3d 133, 137 (Mo.App.E.D.2009)). Plaintiff has pled no such exception, and all state law claims in the complaint are therefore barred as to the City.

## CONCLUSION

Plaintiff has failed to plead facts demonstrating the existence of any official policy implemented by policymaking officials for the City of Northwoods, or facts demonstrating a custom or pervasive usage established by the tacit authorization of such individuals. He has failed to plead facts establishing causation. He has failed to plead facts establishing a conspiracy. He has failed to plead an exception to sovereign immunity. He has therefore failed to state a claim and the City should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

HELLMICH, HILL & RETTER, LLC

*/s/ Blake D. Hill*
Blake D. Hill, #58926MO
1049 North Clay Avenue
Kirkwood, MO 63122
314-646-1110 – Phone; 314-646-1122 – Fax
blake@hellmichhillretter.com
*Attorneys for Defendant City of Northwoods, Missouri*

## **CERTICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 18th day of December 2023 to all counsel of record.

*/s/ Blake D. Hill*