# UNITED STATES DISTRICT COURT OF
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CHARLES GARMON** <br><br> Plaintiff, <br> v. <br><br> **CITY OF NORTHWOODS, MISSOURI,** et al. <br><br> Defendants. | Cause No.: 4:23-cv-1403 <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Charles Garmon brings this First Amended Complaint against the City of Northwoods, Michael Hill, and Samuel Davis.

## PARTIES

1. Plaintiff Charles Garmon ("Garmon" or "Plaintiff") is a resident and citizen of Missouri.

2. Defendant City of Northwoods, Missouri is a governmental entity operating pursuant to the laws of the State of Missouri, capable of being sued.

3. Defendant Michael Hill ("Hill"), at all times relevant, was employed as a police officer by the Northwoods Police Department and was acting in the course and scope of his employment therein and under color of state law. Defendant Hill is named as a party to this litigation in his individual and official capacity.

4. Defendant Samuel Davis ("Davis"), at all times relevant, was employed as a police officer by the Northwoods Police Department and was acting in the course and scope of his employment therein and under color of state law. Defendant Davis is named as a party to this litigation in his individual capacity.

1

PLAINTIFF'S EXHIBIT 1

## JURISDICTION

5. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C § 1331 because Plaintiff's action arises under the Constitution of the United States.

6. This Court has supplemental jurisdiction over the included Missouri state law claims pursuant to 28 U.S.C § 1367.

## VENUE

7. Venue is proper pursuant to 28 U.S.C § 1391 because Plaintiff's claims arise out of an incident occurring within this judicial district, in Northwoods, Missouri.

## FACTUAL ALLEGATIONS

8. <u>For several years, Police in the City of Northwoods have regularly detained citizens and taken the citizen somewhere other than jail.</u>

9. <u>For several years, Police in the City of Northwoods have regularly taken detained citizens outside of the City of Northwoods against their will.</u>

10. <u>For several years, Police in the City of Northwoods have regularly taken detained citizens to the City of Kinloch against their will.</u>

11. <u>For several years, Police in the City of Northwoods have regularly taken detained citizens outside the jurisdiction of the City of Northwoods for the purpose of harming them, allowing others to harm them, or to punish the detained citizen.</u>

12. <u>For several years, Police in the City of Northwoods have regularly taken detained citizens outside the jurisdiction of the City of Northwoods for the purpose of unlawfully deterring the citizen from exercising his or her rights to be present in the City of Northwoods.</u>

13. <u>For several years, Police in the City of Northwoods have regularly detained citizens beyond the time required to process the administrative steps incident to arrest.</u>

14. <u>The practices of the Police in paragraphs 8-13 are undertaken without legitimate law enforcement purpose.</u>

15. <u>The practices of the Police in paragraphs 8-13 have been known to the City's Mayor, Board of Aldermen, Police Chief, and/or police officers that have been delegated final policymaking authority before July 4th, 2023.</u>

16. <u>The practices of the Police in paragraphs 8-13 have been directed by the City's Mayor, Board of Aldermen, Police Chief, and/or police officers that have been delegated final policymaking authority before July 4th, 2023.</u>

17. <u>The practices of the Police in paragraphs 8-13 have been authorized by official policy adopted by City's Mayor, Board of Aldermen, Police Chief, and/or police officers that have been delegated final policymaking authority before July 4th, 2023.</u>

18. <u>Despite knowledge of practices of the Police in paragraphs 8-13, the City's Mayor, Board of Aldermen, Police Chief, and/or police officers that have been delegated final policymaking authority deliberately failed to act on this knowledge before July 4th, 2023.</u>

19. <u>Despite knowledge of practices of the Police in paragraphs 8-13, the City's Mayor, Board of Aldermen, Police Chief, and/or police officers that have been delegated final policymaking authority deliberately and intentionally failed to provide adequate training or supervision concerning detention of subjects that not taken to jail and before July 4th, 2023.</u>

20. <u>Pleading in the alternative, the City of Northwoods failed to provide any training or supervision of its officers concerning detention of subjects that are not taken to jail before July 4th, 2023.</u>

21. <u>Garmon was ejected from the City of Northwoods by the Police, pursuant to the aforementioned policies, customs, and directives, several times before July 4th, 2023.</u>

22. On July 4th, 2023, Officers Samuel Davis and Michael Hill, Davis's supervising officer, handcuffed Garmon and placed him into the back of Davis's patrol car at a Walgreens located at 7199 Natural Bridge Road, St. Louis, Missouri.

23. Davis and Hill both turned off their body cameras prior to apprehending Garmon.

24. Upon information and belief, Hill then returned to Walgreens and informed an employee that Garmon would be beaten.

25. <u>Pursuant to the aforementioned policies, customs, and directives, Hill instructed Davis to take Garmon outside of the City of Northwoods against his will.</u>

26. <u>Pleading in the alternative, Hill was exercising final policymaking authority, delegated to him by the City on the issue of where to take detainees, when he directed Davis to take Garmon outside the City of Northwoods to commit the unconstitutional acts described herein against Garmon.</u>

27. <u>There was no legitimate law enforcement purpose to detain Garmon and take him, against his will, outside of the City of Northwoods.</u>

28. <u>Garmon was detained and taken outside the City of Northwoods to punish him and/or to unlawfully deter him from exercising his right to be present in the City of Northwoods.</u>

29. <u>Garmon was detained beyond the time required to process the administrative steps incident to arrest.</u>

30. <u>Garmon was detained and taken to Kinloch to be subjected to unconstitutional force by Davis.</u>

31. <u>Hill and Davis's conversation outside the Walgreens on July 4th, 2023 constituted a meeting of the minds of Hill, in his official and individual capacities, and Davis to conspire to deprive Garmon of his constitutional rights as aforementioned.</u>

32. Davis drove Garmon to the intersection of Martin Luther King Boulevard and Hugo Avenue in Kinloch.

33. Once at the location, Davis pepper sprayed and repeatedly beat Garmon with a baton while he was still handcuffed.

34. Following the assault, Davis told Garmon not to return to Northwoods and left him alone in the field.

35. A passerby witnessed the assault and called 911.

36. Garmon was left bloodied, with a broken jaw and other serious injuries.

37. Hill and Davis neither reported taking Garmon into custody, nor filed a police report about the incident.

38. <u>Hill and Davis misled investigators following Garmon's beating to cover up their conspiracy.</u>

39. <u>Hill and Davis lied to investigators following Garmon's beating to cover up their conspiracy.</u>

**COUNT I**
**Violation of Civil Rights, 42 U.S.C § 1983 Monell Liability**
**Failure to Train, Supervise, Control and Discipline, and for Other Unlawful Customs**
<u>**Against Defendant Northwoods**</u>

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. There exist within the City of Northwoods Police Department policies, customs, practices and usages that are so pervasive that they constitute the policy of the Department, that caused the Constitutional deprivations Plaintiff suffered as described above. The policies, customs, practices and usages include:

    a. Unlawfully arresting and detaining individuals without probable cause;

b. Using force in excess given the circumstances to arrest and detain individuals;

c. Selecting, retaining, and assigning employees with demonstratable propensities for excessive force, violence, and other misconduct; ~~and~~

d. Failing to adequately train, supervise, control, and discipline employees in the dangers and potential lethalness of repeated baton strikes, pepper spray, and using force against persons in restraints~~.~~;

e. <u>regularly detaining citizens and taking the citizen somewhere other than jail;</u>

f. <u>regularly taking detained citizens outside of the City of Northwoods against their will.</u>

g. <u>regularly taking detained citizens to the City of Kinloch against their will.</u>

h. <u>Regularly taking detained citizens outside the jurisdiction of the City of Northwoods for the purpose of harming them, allowing others to harm them, or to punish the detained citizen.</u>

i. <u>Regularly taking detained citizens outside the jurisdiction of the City of Northwoods for the purpose of unlawfully deterring the citizen from exercising his or her rights to be present in the City of Northwoods.</u>

j. <u>Regularly detaining citizens beyond the time required to process the administrative steps incident to arrest; and</u>

k. <u>Such further policies, customs, practices and usages as discovery reveals.</u>

42. <u>Defendant was made aware of the unconstitutional customs, practices and usages stated in this Complaint.</u>

43. <u>Defendant was deliberately indifferent to the unconstitutional customs, practices and usages stated in this Complaint.</u>

44. <u>Defendant's conduct—including the policies and/or deliberate indifference to the unconstitutional customs, practices, usages and/or need for more or different training and supervision stated in this Complaint—was the moving force and proximate cause of the violations of Plaintiff's constitutional rights.</u>

45. Defendant's conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff, thereby justifying an award in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C §§ 1983 and 1988 against Defendant for compensatory damages in a fair and reasonable amount, for attorney's fees, for costs, expenses, interest, and for such other relief as the court finds to be just and reasonable.

**COUNT II**
**42 U.S.C §§ 1983 and 1985 – Civil Conspiracy**
**<u>Against Defendant Northwoods</u>**

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. The city of Northwoods (by and through its policy making officials)~~,~~ <u>including</u> Officer Davis, ~~and Hill~~ had a meeting of the minds <u>with Hill</u> regarding their intention to retaliate against Plaintiff by arresting him, <u>taking him outside the jurisdiction of the City</u> and using force <u>or causing force to be used</u> against him.

48. The Defendants engaged in the overt acts described elsewhere in this Complaint in furtherance of a conspiracy to deprive Plaintiff of equal privileges and protections under the law~~.~~<u>, including:</u>

    a. <u>Detaining Garmon;</u>

    b. <u>Taking Garmon outside of the City of Northwoods against his will;</u>

7

<ol type="a" start="3">
<li>Taking Garmon outside of the City of Northwoods with no legitimate law enforcement purpose;</li>
<li>Taking Garmon outside the City of Northwoods to punish him and/or to unlawfully deter him from exercising his right to be present in the City of Northwoods;</li>
<li>Detaining Garmon beyond the time required to process the administrative steps incident to arrest;</li>
<li>Taking Garmon to Kinloch to be subjected to unconstitutional force by Davis;</li>
<li>Implying to Walgreens' employees that Garmon would be physically punished;</li>
<li>Misleading investigators to cover up the conspiracy;</li>
<li>Lying to investigator to cover up the conspiracy; and,</li>
<li>Such further overt acts as discovery reveals.</li>
</ol>

49. Hill and Davis's conversation outside the Walgreens on July 4th, 2023 constituted a meeting of the minds of Hill, in his official and individual capacities, and Davis to conspire to deprive Garmon of his constitutional rights as aforementioned.

50. As a direct and proximate result of these overt acts, Plaintiff sustained injuries.

51. As a direct and proximate result of these overt acts, Plaintiff was deprived of his constitutional rights to be free from the use of excessive force and false arrest, which all United States citizens are afforded.

52. Each of these acts were unlawful, overt, and accomplished.

WHEREFORE, Plaintiff prays for judgment against Defendant Northwoods for compensatory damages, for attorney's fees, for costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.

# COUNT III
## 42 U.S.C § 1983 – Use of Excessive Force in Violation in the Fourth and Fourteenth Amendments to the United States Constitution
### Against Defendant Davis

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. At all times relevant, Defendant Davis had a clearly established duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from the use of excessive force in taking Plaintiff into custody.

55. At the time of the use of excessive force, Garmon:

   a. Had not committed a serious crime;

   b. Presented no threat to the safety of officers or others;

   c. Was not actively resisting arrest;

   d. Was not attempting to evade arrest by flight; and

   e. Was not in the midst of a boisterous situation.

56. Notwithstanding his duty, Defendant Davis:

   a. Threw Plaintiff onto the ground without cause or justification;

   b. Struck Plaintiff with a baton repeatedly without cause or provocation;

   c. Struck Plaintiff in multiple areas of his body, including his head, without cause or provocation;

   d. Struck Plaintiff repeatedly with a baton while restrained in handcuffs;

   e. Pepper sprayed Plaintiff without cause or provocation;

   f. Pepper sprayed Plaintiff while restrained in handcuffs;

   g. Abandoned Plaintiff after causing him injury;

   h. Recklessly used more force than necessary; and

     i.  Such further acts of excessive force that will be revealed through discovery and evidence.

57.  The use of such extreme force against a restrained and compliant individual was objectively unreasonable and no competent officer would believe such conduct was lawful.

58.  As a direct and proximate result of one or more of the said wrongful acts of Defendant Davis, all committed under the color of law and under his authority as a City of Northwoods police officer, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, and other diverse injuries.

59.  The use of force against Plaintiff by Officer Davis was therefore in violation of Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.

60.  Defendant's conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff, thereby justifying an award of punitive damages in such sum as will serve to punish and deter Defendant Davis, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C §§ 1983 and 1988 against Defendant Davis for excessive force, in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for attorney's fees, for costs, expenses, interest, and for such other relief as the court finds to be just and reasonable.

## COUNT IV
## 42 U.S.C § 1983 – False Arrest
## Against Defendant Davis

61.  Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62.  Defendant Davis instigated, caused and/or procured the arrest and imprisonment of Plaintiff.

63. The imprisonment of Plaintiff by Davis was against Plaintiff's will.

64. The imprisonment of Plaintiff by Davis was without probable cause, justification, or legal excuse and amounted to an intentional, and/or reckless, and/or negligent imposition of unlawful restraint.

65. Defendant's conduct showed a complete indifference to or a conscious disregard for the constitutional rights of Plaintiff, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C §§ 1983 and 1988 against Defendant Davis for false arrest, in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for attorney's fees, for costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.

## COUNT V
## 42 U.S.C §§ 1983 and 1985 – Civil Conspiracy
## Against Defendant Davis

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. The city of Northwoods, Officer Davis, and Hill had a meeting of the minds regarding their intention to retaliate against Plaintiff by arresting him and using force against him.

68. The Defendants engaged in the overt acts described elsewhere in this Complaint in furtherance of a conspiracy to deprive Plaintiff of equal privileges and protections under the law.

69. As a direct and proximate result of these overt acts, Plaintiff sustained injuries.

70. As a direct and proximate result of these overt acts, Plaintiff was deprived of his constitutional rights to be free from the use of excessive force and false arrest, which all United States citizens are afforded.

71. Each of these acts were unlawful, overt and accomplished.

72. Defendants' conduct showed a complete indifference to or a conscious disregard for the constitutional rights of Plaintiff, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Davis for compensatory damages, for punitive damages, for attorney's fees, for costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.

## COUNT VI
### Negligence – Reckless, Willful and Wanton Misconduct
### Against Defendant Davis

73. At all times mentioned herein, Defendant Officer Davis acted with deliberate indifference to the safety, security, and well-being of Garmon, and was further reckless, willful, and wanton in subjecting Plaintiff to unreasonable and excessive uses of force.

74. At all times mentioned herein, Davis owed Plaintiff a duty of due care, and that duty was breached through his aforementioned reckless, willful and wanton misconduct, including:

   a. Using force in excess to arrest and detain an individual;

   b. Using a baton unlawfully by striking Plaintiff in the head;

   c. Using a baton unlawfully by striking Plaintiff while restrained;

   d. Using pepper spray on Plaintiff while he was restrained; and

  e. Leaving Plaintiff alone and wounded following the assault.

  75. At all times mentioned herein, Plaintiff was compliant, restrained, and did not attempt to flee.

  76. At all times mentioned herein, the Defendant acted in a willful, wanton and reckless manner.

  77. As a direct and proximate result of the Defendant officer's actions, Plaintiff was severely injured.

  78. Defendant's conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

  WHEREFORE Plaintiff prays for judgment against Defendant Davis for actual damages, compensatory damages, attorneys' fees, expenses, interest, costs, punitive damages and for any other relief this Court deems just and reasonable.

## COUNT VII
### Missouri State Law – Assault and Battery
### <u>Against Defendant Davis</u>

  79. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

  80. Defendant Davis physically and unlawfully assaulted Plaintiff in one or more of the following respects:

  a. Pepper spraying Plaintiff without cause or justification;

  b. Throwing Plaintiff onto the ground without cause or justification;

  c. Repeatedly striking Plaintiff with a baton without cause or justification;

  d. Unlawfully striking Plaintiff in the head with a baton;

  e.   Breaking Plaintiff's jaw with the baton; and

  f.   Such further acts that will be revealed through discovery and evidence.

81.    The actions of Defendant Officer Davis were unjustified, unwarranted and unlawful in that there was no immediate threat of harm to himself or others and the use of force upon the body of Plaintiff was excessive and in complete excess of any force that may have been justified to effectuate the arrest or detention of Plaintiff given the circumstances then and there existing.

82.    As a direct and proximate result of one or more of the said wrongful acts of Officer Davis, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, and other diverse injuries.

83.    Defendant Officer Davis's actions were carried out with nefarious motive and/or with a reckless indifference and conscious disregard to the rights of Garmon, thereby entitling him to punitive damages in an amount sufficient to punish and deter Davis and others similarly situated from like conduct in the future.

  WHEREFORE Plaintiff prays for judgment against Defendant Davis for actual damages, compensatory damages, attorneys' fees, expenses, interest, costs, punitive damages and for any other relief this Court deems just and reasonable.

## COUNT VIII
### Missouri State Law – Kidnapping
### Against Defendant Davis

84.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

85.    Defendant Davis transported and confined Garmon when he removed Garmon from the Walgreens and brought him to a remote location.

86. Garmon did not consent to Defendant's actions in removing and confining him in any manner.

87. The explicit and express purpose of Defendant's removing and confining of Garmon was to terrorize Plaintiff and cause harm to him.

88. As a direct and proximate result of Defendant Davis's actions in kidnapping Garmon, he suffered severe emotional distress, pain and suffering, and anguish at the time of the incident and continuing to present day.

89. Defendant's kidnapping of Garmon, as set forth, was carried out intentionally, with nefarious motive and/or with a reckless indifference and conscious disregard to the rights of Garmon, thereby entitling him to punitive damages in an amount sufficient to punish and deter Defendant Davis and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff prays for judgment against Defendant Davis for actual damages, compensatory damages, attorneys' fees, expenses, interest, costs, punitive damages, and for any other relief this Court deems just and reasonable.

### COUNT IX
### 42 U.S.C § 1983 – Failure to Intervene in the Use of Excessive Force
### Against Defendant Hill

90. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

91. Defendant Hill failed to intervene to prevent the abovementioned conduct of Davis from occurring and/or to lessen its severity despite having the means to do so.

92. As Defendant Davis's supervising officer, Defendant Officer Hill had a duty to train, supervise, control, and discipline Davis.

93. As a direct and proximate result of Hill's acts and/or omissions, Davis engaged in unlawful actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiff's safety and constitutional rights.

94. As a direct and proximate result of these unlawful actions, Garmon suffered severe injuries.

95. The acts described herein were intentional, wanton, malicious, and callously indifferent to the rights of Plaintiff, thus entitling him to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C §§ 1983 and 1988 against Defendant Davis, in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for attorney's fees, for costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.

## COUNT X
## 42 U.S.C § 1983, Supervisor Liability
## Against Defendant Hill

96. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

97. Defendant Hill directed Defendant Davis to inflict the constitutional injuries complained of herein, or at the very least, those injuries were proximately caused by a pattern and practice of misconduct, which occurred with the knowledge and consent of Defendant Officer Hill who acted in a supervisory capacity, such that the officer personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct, or least recklessly caused the alleged deprivation by his actions or by his deliberately indifferent failure to act.

98. The misconduct alleged in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

99. The misconduct alleged in this Count was undertaken pursuant to the City's policies and practices.

100. As a result of this violation, Plaintiff suffered injuries, including but not limited to physical and emotional distress, as well as violations to his constitutional rights under the Fourth and Fourteenth Amendments.

101. The acts described herein were intentional, wanton, malicious, and callously indifferent to the rights of Plaintiff, thus entitling him to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C §§ 1983 and 1988 against Defendant Hill for compensatory damages, punitive damages, attorney's fees, costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.

## COUNT XI
## 42 U.S.C § 1983 – False Arrest
## Against Defendant Hill

102. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

103. Defendant Hill instigated, caused and/or procured the arrest and imprisonment of Plaintiff.

104. The imprisonment of Plaintiff by Hill was against Plaintiff's will.

105. The imprisonment of Plaintiff by Hill was without probable cause, justification, or legal excuse and amounted to an intentional, and/or reckless, and/or negligent imposition of unlawful restraint.

106. Defendant's conduct showed a complete indifference to or a conscious disregard for the constitutional rights of Plaintiff, thereby justifying an award in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C §§ 1983 and 1988 against Defendant Hill for compensatory damages in a fair and reasonable amount, for punitive damages, for attorney's fees, for costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.

### COUNT XII
### Missouri State Law – Kidnapping
### Against Defendant Hill

107. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

108. Defendant Hill transported and confined Plaintiff when he removed Plaintiff from the Walgreens and brought him to a remote location.

109. Plaintiff did not consent to Defendant's actions in removing and confining him in any manner.

110. The explicit and express purpose of Defendant's removing and confining of Plaintiff was to terrorize Plaintiff and cause harm to him.

111. As a direct and proximate result of Defendant Hill's actions in kidnapping Plaintiff, he suffered severe emotional distress, pain and suffering, and anguish at the time of the incident and continuing to present day.

112. Defendant's kidnapping of Plaintiff, as set forth, was carried out intentionally, with nefarious motive and/or with a reckless indifference and conscious disregard to the rights of

Plaintiff, thereby entitling him to punitive damages in an amount sufficient to punish and deter Defendant Hill and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff prays for judgment against Defendant Hill for actual damages, compensatory damages, attorneys' fees, expenses, interest, costs, punitive damages, and for any other relief this Court deems just and reasonable.

## COUNT XIII
## 42 U.S.C §§ 1983 and 1985 – Civil Conspiracy
## Against Defendant Hill

113. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

114. The city of Northwoods, Officer Davis, and Hill had a meeting of the minds regarding their intention to retaliate against Plaintiff by arresting him and using force against him.

115. The Defendants engaged in the overt acts described elsewhere in this Complaint in furtherance of a conspiracy to deprive Plaintiff of equal privileges and protections under the law.

116. As a direct and proximate result of these overt acts, Plaintiff sustained injuries.

117. As a direct and proximate result of these overt acts, Plaintiff was deprived of his constitutional rights to be free from the use of excessive force and false arrest, which all United States citizens are afforded.

118. Each of these acts were unlawful, overt and accomplished.

119. Defendant's conduct showed a complete indifference to or a conscious disregard for the constitutional rights of Plaintiff, thereby justifying an award of punitive damages in such

sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Hill for compensatory damages, for punitive damages, for attorney's fees, for costs, interest, expenses, and for such other relief as the court finds to be just and reasonable.


Dated: January 16, 2024 **THE SIMON LAW FIRM, P.C.**

By: <u>*/s/ Kevin M. Carnie Jr.*</u>
Kevin M. Carnie Jr., #60979MO
Patrick R. McPhail, #70242MO
800 Market Street, Suite 1700
St. Louis, MO 63101
Telephone: 314-241-2929
Facsimile: 314-241-2029
kcarnie@simonlawpc.com
pmcphail@simonlawpc.com

*Attorneys for Plaintiff*