# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES GARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-1403 |
| | ) | |
| CITY OF NORTHWOODS, MISSOURI, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HILL'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Michael Hill, by and through his undersigned counsel, submits his answer to Plaintiff's Complaint as follows:

1. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 1, and therefore denies the same.

2. The allegations in Paragraph 2 are conclusions of law requiring no response.

3. This Defendant admits he was employed as a police officer by the Northwoods Police Department. The remainder of the allegations in Paragraph 3 are conclusions of law requiring no response.

4. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 4, and therefore denies the same.

5. The allegations in Paragraph 5 are conclusions of law requiring no response.

6. The allegations in Paragraph 6 are conclusions of law requiring no response.

7. The allegations in Paragraph 7 are conclusions of law requiring no response.

8. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 8, and therefore denies the same.

9. This Defendant denies the allegations against him contained in Paragraph 9. This is without sufficient information to admit or deny the remainder of the allegations of Paragraph 9, and therefore denies the same.

10. This Defendant denies the allegations of Paragraph 10.

11. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 11, and therefore denies the same.

12. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 12, and therefore denies the same.

13. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 13, and therefore denies the same.

14. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 14, and therefore denies the same.

15. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 15, and therefore denies the same.

16. This Defendant denies the allegations against him contained in Paragraph 16. This is without sufficient information to admit or deny the remainder of the allegations of Paragraph 16, and therefore denies the same.

## COUNT I

The allegations in Count I are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

17. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 16 as though fully set forth herein.

18. This Defendant denies the allegations of Paragraph 18, including the allegations in subparts (a) – (d).

19. This Defendant denies the allegations of Paragraph 19, including the allegations in the "WHEREFORE" clause following Paragraph 19.

## COUNT II

The allegations in Count II are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

20. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 19 as though fully set forth herein.

21. This Defendant denies the allegations of Paragraph 21.

22. This Defendant denies the allegations of Paragraph 22.

23. This Defendant denies the allegations of Paragraph 23.

24. This Defendant denies the allegations of Paragraph 24.

25. This Defendant denies the allegations of Paragraph 25, including the allegations in the "WHEREFORE" clause following Paragraph 25.

## COUNT III

The allegations in Count III are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

26. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 25 as though fully set forth herein.

27. The allegations in Paragraph 27 are conclusions of law requiring no response.

28. This Defendant denies the allegations of Paragraph 28, including the allegations in subparts (a) – (e).

29. This Defendant denies the allegations of Paragraph 29, including the allegations in subparts (a) – (i).

30. This Defendant denies the allegations of Paragraph 30.

31. This Defendant denies the allegations of Paragraph 31.

32. This Defendant denies the allegations of Paragraph 32.

33. This Defendant denies the allegations of Paragraph 33, including the allegations in the "WHEREFORE" clause following Paragraph 33.

## COUNT IV

The allegations in Count IV are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

34. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 33 as though fully set forth herein.

35. This Defendant denies the allegations of Paragraph 35.

36. This Defendant denies the allegations of Paragraph 36.

37. This Defendant denies the allegations of Paragraph 37.

38. This Defendant denies the allegations of Paragraph 38, including the allegations in the "WHEREFORE" clause following Paragraph 38.

## COUNT V

The allegations in Count V are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

39. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 38 as though fully set forth herein.

40. This Defendant denies the allegations of Paragraph 40.

41. This Defendant denies the allegations of Paragraph 41.

42. This Defendant denies the allegations of Paragraph 42.

43. This Defendant denies the allegations of Paragraph 43.

44. This Defendant denies the allegations of Paragraph 44.

45. This Defendant denies the allegations of Paragraph 45, including the allegations in the "WHEREFORE" clause following Paragraph 45.

## COUNT VI

The allegations in Count VI are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

46. This Defendant denies the allegations of Paragraph 46.

47. This Defendant denies the allegations of Paragraph 47, including the allegations in subparts (a) – (e).

48. This Defendant denies the allegations of Paragraph 48.

49. This Defendant denies the allegations of Paragraph 49.

50. This Defendant denies the allegations of Paragraph 50.

51. This Defendant denies the allegations of Paragraph 51, including the allegations in the "WHEREFORE" clause following Paragraph 51.

## COUNT VII

The allegations in Count VII are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

52. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 51 as though fully set forth herein.

53. This Defendant denies the allegations of Paragraph 53, including the allegations in subparts (a) – (f).

54. This Defendant denies the allegations of Paragraph 54.

55. This Defendant denies the allegations of Paragraph 55.

56. This Defendant denies the allegations of Paragraph 56, including the allegations in the "WHEREFORE" clause following Paragraph 56.

## COUNT VIII

The allegations in Count VIII are against a Defendant other than Defendant Hill, therefore no response is required. To the extent a response is required, Defendant Hill answers as follows:

57. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 56 as though fully set forth herein.

58. This Defendant denies the allegations of Paragraph 58.

59. This Defendant denies the allegations of Paragraph 59.

60. This Defendant denies the allegations of Paragraph 60.

61. This Defendant denies the allegations of Paragraph 61.

62. This Defendant denies the allegations of Paragraph 62, including the allegations in the "WHEREFORE" clause following Paragraph 62.

## COUNT IX

63. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 62 as though fully set forth herein.

64. This Defendant denies the allegations of Paragraph 64.

65. This Defendant denies the allegations of Paragraph 65.

66. This Defendant denies the allegations of Paragraph 66.

67. This Defendant denies the allegations of Paragraph 67.

68. This Defendant denies the allegations of Paragraph 68, including the allegations in the "WHEREFORE" clause following Paragraph 68.

## COUNT X

69. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 68 as though fully set forth herein.

70. This Defendant denies the allegations of Paragraph 70.

71. This Defendant denies the allegations of Paragraph 71.

72. This Defendant denies the allegations of Paragraph 72.

73. This Defendant denies the allegations of Paragraph 73.

74. This Defendant denies the allegations of Paragraph 74, including the allegations in the "WHEREFORE" clause following Paragraph 74.

## COUNT XI

75. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 74 as though fully set forth herein.

76. This Defendant denies the allegations of Paragraph 76.

77. This Defendant denies the allegations of Paragraph 77.

78. This Defendant denies the allegations of Paragraph 78.

79. This Defendant denies the allegations of Paragraph 79, including the allegations in the "WHEREFORE" clause following Paragraph 79.

## COUNT XII

80. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 79 as though fully set forth herein.

81. This Defendant denies the allegations of Paragraph 81.

82. This Defendant denies the allegations of Paragraph 82.

83. This Defendant denies the allegations of Paragraph 83.

84. This Defendant denies the allegations of Paragraph 84.

85. This Defendant denies the allegations of Paragraph 85, including the allegations in the "WHEREFORE" clause following Paragraph 85.

## COUNT XIII

86. This Defendant incorporates his responses to the allegations in Paragraphs 1 through 85 as though fully set forth herein.

87. This Defendant denies the allegations of Paragraph 87.

88. This Defendant denies the allegations of Paragraph 88.

89. This Defendant denies the allegations of Paragraph 89.

90. This Defendant denies the allegations of Paragraph 90.

91. This Defendant denies the allegations of Paragraph 91.

92. This Defendant denies the allegations of Paragraph 92, including the allegations in the "WHEREFORE" clause following Paragraph 92.

## GENERAL DENIAL

This Defendant denies all allegations not expressly admitted herein.

## REQUEST FOR JURY TRIAL

This Defendant respectfully requests a jury trial of all factual issues.

# AFFIRMATIVE DEFENSES

Defendant Hill, by and through his attorneys, states his affirmative defenses applicable to all Counts of Plaintiff's Complaint as follows:

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. This Defendant denies the allegations made in Plaintiff's Complaint, but if any actions were taken by this Defendant, they were discretionary in nature and taken in good faith and Defendant is protected from liability by the doctrine of qualified immunity.

3. This Defendant acted reasonably under the circumstances and his conduct was justified and/or privileged.

4. While this Defendant denies the allegations in Plaintiff's Complaint, Plaintiff, by his own conduct, consented to any alleged acts of this Defendant.

5. Plaintiff was guilty of intentional conduct or negligence which caused or contributed to cause the events alleged in Plaintiff's Complaint, including any alleged injury resulting to Plaintiff, in that Plaintiff: a) violently or aggressively resisted arrest; b) failed to appropriately respond to and/or obey verbal directives of law enforcement officers; and c) assumed the risk of injury when he knowingly engaged in conduct described herein above.

6. Plaintiff is estopped from asserting the claims set forth in his Complaint by the illegality of his conduct and actions.

7. Plaintiff is not entitled to an award of punitive damages against this Defendant in his official capacity, pursuant to the 11th Amendment of the United States Constitution and the Missouri Sovereign Immunity Statute, Section 537.600, RSMo.

8. Plaintiff's claims are barred to the extent that they seek money damages under 42 U.S.C. Section 1983 against this Defendant upon the theory of respondent superior.

9. Any claims against this Defendant based upon a theory of *respondeat superior* are improper under 42 U.S.C. § 1983.

10. This Defendant denies that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

11. To the extent Plaintiff seeks punitive damages against this Defendant, this Defendant states: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution. Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded. The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and

ambiguity in the jury instruction, deliberation and verdict.  This vagueness and ambiguity in turn threaten to deprive this defendant of its property without due process of law.

12. To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri.  Specifically, defendants state that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

13. To the extent the Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against these defendants is highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri.  Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

14. Plaintiff's claims are barred by the public duty doctrine and official immunity.

15. Any arrest of Plaintiff was lawful.

16. Plaintiff's claims are barred by collateral estoppel, res judicata, judicial estoppel, and/or the law set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

WHEREFORE, having answered Plaintiff's Complaint, this Defendant prays for this Court's Order dismissing Plaintiff's Complaint, for his costs and fees incurred herein, and for such further relief as the Court deems just and proper in the premises.

Respectfully Submitted,

SCHREIMANN, RACKERS &
FRANCKA, L.L.C.

/s/ Ryan Bertels
Christopher P. Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
rb@srfblaw.com

Attorney for Defendant Michael Hill

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on January 25, 2024.

/s/ Ryan Bertels