IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES GARMON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NORTHWOODS, MISSOURI, and<br>SAMUEL DAVIS, in his individual capacity,<br>and<br>MICHAEL HILL, in his individual AND<br>official capacity,<br><br>    Defendants. | Cause No.: 4:23-cv-01403-RHH |

**MEMORANDUM IN SUPPORT OF DEFENDANT CITY'S
<u>MOTION TO STAY PROCEEDINGS</u>**

The City of Northwoods agrees that it is appropriate to stay proceedings against separate Defendants Davis and Hill during the pendency of their criminal cases and supports such relief. However, the City also asserts that, since its rights and responsibilities in this very litigation are inexorably intertwined with those criminal matters, the stay must extend to the City as well in order to preserve justice and avoid unfair prejudice. Federal district courts have the "inherent power to stay the proceedings of an action, so as to control [their] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [them]." *Kemp v. Tyson Seafood Group, Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998) (citations omitted); see also *United States v. Kordel*, 90 S.Ct. 763, n. 27 (1970) and *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

Here, each of the foregoing factors is served by a stay of these proceedings against the City of Northwoods, particularly in that a stay will subserve a "just determination" of this case. Specifically, justice will be served by a stay because (I) the liability of the City in this case under

42 USC § 1983 is necessarily predicated upon a finding of a constitutional violation against Davis and Hill; and (II) recently enacted Missouri law, §590.502.7 R.S.Mo. (2021), though subject to various constitutional challenges, currently imposes a defense and indemnification requirement on municipalities that is *expressly conditioned on the outcome of any criminal proceedings against the officers*. The body of law governing stays of civil proceedings pending the outcome of criminal proceedings adheres to the principal that justice is served by allowing a party to fairly and adequately defend its rights. This is precisely why the City has brought this motion.

### I. Plaintiff's Claims Against The City Under 42 USC § 1983 Are Premised On The Claims Against Separate Defendants Davis And Hill

Both the Plaintiff's Complaint (Doc. No. 1) and First Amended Complaint (Doc. No. 27-1) seek to impose liability against the City of Northwoods pursuant to 42 USC § 1983. Municipal liability under 42 USC § 1983 requires that "individual liability first must be found on an underlying substantive claim." *Brockinton v. City of Sherwood,* 503 F. 3d 667, 674 (8th Cir. 2007). The underlying substantive claims on which Plaintiffs attempt to premise the City's municipal liability are those claims against separate defendants Davis and Hill. Doc. Nos. 1, 27-1, *passim*. Accordingly, discovery relevant to the claims and defenses involving Davis and Hill - including what information they and the Plaintiff possess and may gather through the underlying criminal cases that is not available to the City – is discovery bearing upon the City's defense.

The United States Supreme Court has plainly observed that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947). Indeed, undergirding the policy of liberally construing discovery rules is the purpose of providing all parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 507, 509 (S.D. Iowa 1992) (citations, quotes

omitted). This "ensures that discovery 'together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Id*. at n. 1 (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958)).

A mere partial stay ensures only that the City must pursue its defense without such essential mutual access. The information unavailable to the City bears directly on its potential for liability in this case. To require the City to essentially proceed with one eye shut is prejudicial on its face and justifies a full stay. Meanwhile, such a stay would in no way prejudice the Plaintiff, whose case cannot be resolved without a determination on the claims against separate defendants Davis and Hill in any event. Finally, given the foregoing, a full stay of proceedings serves judicial economy because, after the stay, discovery can commence with full force without limitations that would almost certainly result in unnecessarily duplicative discovery efforts.

**II. The City Of Northwoods' Rights And Responsibilities In This Case Under The Missouri Law Enforcement Officers' Bill Of Rights Depend On The Outcome Of The Underlying Criminal Cases Against Davis And Hill**

Passed by the Missouri Legislature as part of a so-called "Law Enforcement Officers' Bill of Rights in 2021, §590.502 R.S.Mo. contains an indemnification and defense clause providing:

> Employers shall defend and indemnify law enforcement officers from and against civil claims made against them in their official and individual capacities if the alleged conduct arose in the course and scope of their obligations and duties as law enforcement officers. This includes any actions taken off duty if such actions were taken under color of law. **In the event the law enforcement officer is convicted of, or pleads guilty to, criminal charges arising out of the same conduct, the employer shall no longer be obligated to defend and indemnify the officer in connection with related civil claims.**

§590.502.7 R.S.Mo. (emphasis added). This provision has been asserted in response to litigation under 42 USC § 1983, even to the end of attempting to recover punitive damages against municipalities despite the prohibition on such damages under § 1983. See, e.g., *WAYNE*

3

*GERLING V MISSOURI INTERGOVERNMENTAL R ET AL*, Boone County Missouri cause number 23BA-CV00579.

This statute recently withstood certain challenges at the pleading stage before the Missouri Supreme Court in *City of St. Louis v. State*, SC 99876, 2024 WL 341005 (Mo. Jan. 30, 2024). However, one challenge survived review by the Missouri Supreme Court and the matter was ultimately remanded for determination on a challenge to the defense and indemnification provision upon allegations that it violates the "Hancock Amendment" to the Missouri Constitution., 21. That matter remains pending in the Circuit Court for the City of St. Louis, cause number 21AC-CC00466. The law also faces pending constitutional challenges based on, *inter alia*, its application to claims and judgments arising under 42 USC § 1983 in violation of the Supremacy Clause of the United States Constitution in *WAYNE GERLING V MISSOURI INTERGOVERNMENTAL R ET AL*, Boone County Missouri cause number 23BA-CV00579.

Notwithstanding the foregoing challenges - and even the likelihood that the indemnification and defense provision of the law will ultimately be held unconstitutional - the fact remains that until that happens and/or the underlying criminal matters are resolved, §590.502.7 R.S.Mo. purports to impose significant obligations upon the City of Northwoods that are inexorably comingled with both this cause of action and the underlying criminal cases against separate defendants Davis and Hill. Not only does this set of circumstances unfairly force the City to litigate while its ultimate exposure is uncertain, but it also almost certainly erects barriers to any meaningful efforts even to entertain the possibility of non-judicial resolution. Thus, fundamental fairness and judicial economy are both ultimately served by a full stay.

4

Respectfully submitted,

Hellmich, Hill & Retter, LLC

/s/ Blake D. Hill
Blake D. Hill, #58926MO
1049 North Clay Avenue
Kirkwood, MO  63122
314-646-1110 – Phone; 314-646-1122 – Fax
blake@hellmichhillretter.com
*Attorneys for Defendant City of Northwoods, Missouri*

**CERTICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 15th day of February 2024 to all counsel of record.

/s/ Blake D. Hill